In re MILLS.

(Supreme Court. Appellate Division, First Department.　April 15, 1898.)

SALE OF TRUST PROPERTY—VALIDITY.

　　Real estate was devised in trust to pay annuities during two lives, with a vested remainder to specified persons, subject to being devested in favor of their children in case of their death during the trust term.　Pending the term, the remainder-men mortgaged their interests for $40,000, and after a judgment of foreclosure, but before a sale, the trustee petitioned the court, under Real Prop. Law, § 85, as amended by Laws 1897, c. 136, for leave to raise $40,000 by mortgage or sale of the property for the purpose of paying off said judgment of foreclosure, alleging that a sale thereunder would be injurious to the remainder-men.　The petition was granted, and the property sold for $54,600.　It appeared that two of the remainder-men had infant children.　*Held*, that the sale was unauthorized, and a subsequent motion to compel the purchaser to complete the purchase was properly denied.

Appeal from special term.

In the matter of the petition of Adelaide Mills, as trustee to sell real estate.　From an order denying a motion to compel completion of purchase pursuant to terms of sale (50 N. Y. Supp. 966), the trustee appeals.　Affirmed.

One Richard Cromwell died seised in fee of the premises in question, leaving a last will and a codicil thereto, by which the said premises were devised to trustees to hold and keep the same invested during the lives of Anna Merritt and Elizabeth R. Cromwell, and meanwhile to pay to each of them an annuity of $500 out of the rents of said premises, the residue of the income to be applied to the support and education of the children of Richard Cromwell, a deceased son of the testator.　Upon the death of the two annuitants, the real estate and the accumulations of net income were "to go to and be divided in fee amongst the children of my said son Richard, if he shall be then living, and the issue of such as may be dead; the issue of such deceased children to take the share of their deceased parent."　The two trustees have died, and the petitioner, who is a daughter of the testator's deceased son, Richard, was substituted in their stead as trustee, and is at present in possession of the property.　The other persons interested are Elizabeth R. Cromwell, who is entitled to an annuity of $500; Frank Cromwell, Albert Cromwell, and Adelaide Mills, comprising all the children of the testator's deceased son, Richard; the five infant children of Albert Cromwell; and the four infant children of Adelaide Mills.　Frank Cromwell is unmarried, and without issue.　In 1888, and subsequent thereto, certain indentures were executed and delivered by Mrs. Mills and her brothers, Frank and Albert, whereby the remainder was mortgaged as security for the payment of their individual bonds.　Suit was subsequently instituted to foreclose these mortgages, and prosecuted to judgment, but no sale thereunder has been had.　The amount due on such judgments in foreclosure in May, 1897, was $38,291.09.　The premises yield a gross annual rental of about $5,500.　In a proceeding instituted by the petitioner, an order was made by this court authorizing her to raise the sum of $40,000 by the mortgage or sale of said real property, for the purpose of paying said judgment of foreclosure and sale, for the reason that there is no probability of a sale under such judgment realizing anything like the value of said remainder, and that a sale thereunder would be injurious to the remainder-men who had mortgaged their interest, and would result in deficiency judgments.　In addition to the judgment of foreclosure, the mortgagee held sundry policies of life insurance as collateral.　The matter having been referred, the referee reported in favor of granting the prayer of the petition.　Thereafter the report was confirmed, and an order entered, and the premises were sold at public auction to the respondents for $54,600.　They refused to complete their purchase, upon the ground that the court was without authority to make the order of sale.　There-

upon a motion was made to compel them to take title, which was denied, and it is from the latter order that this appeal is taken.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. K. Barton, for appellant.

Julius J. Frank, for respondents.

O'BRIEN, J. The petitioner has proceeded under chapter 136 of the Laws of 1897, which amends section 85 of the real property law so as to read as follows:

"Sec. 85. When trustee may convey trust property: If the trust is expressed in the instrument creating the estate, every sale, conveyance or other act of the trustee in contravention of the trust, except as provided in this section, shall be absolutely void. The supreme court may by order, on such terms and conditions as seem just and proper, authorize any such trustee to mortgage or sell such real property or any part thereof whenever it appears to the satisfaction of the court that said real property, or some portion thereof, has become so unproductive that it is for the best interest of such estate, or that it is necessary or for the benefit of the estate to raise funds for the purpose of preserving it by paying off incumbrances or of improving it by erecting buildings or making other improvements, or that for other peculiar reasons, or on account of other peculiar circumstances, it is for the best interest of said estate; and whenever the interest of the trust estate in any real property is an undivided part or share thereof, the same may be sold if it shall appear to the court to be for the best interest of such estate."

Section 87 of the real property law, as amended by the same chapter, provides, among other things, that the final order in such a proceeding shall be valid and effectual against all minors or persons not in being, interested in the trust, or having estates vested or contingent in reversion or remainder in the real property affected. In regard to this section (87), all that need be said is that, if the proceeding is properly initiated, and the order of sale is authorized, then, by force of this section, it becomes effective in cutting off the interests of the persons therein enumerated. In the absence of any inherent power in a court of equity to interfere with trust property by directing that it be mortgaged or sold, the right to do so must be predicated upon some statute. The real question here presented, therefore, is as to whether the reasons stated in the petition are such as, by force of section 85 of the real property law, would authorize the court to direct a sale of the trust property. It is not claimed that the property is unproductive, or that it is necessary "to raise funds for the purpose of preserving it or paying off incumbrances or of improving it by erecting buildings"; but it is insisted that on account of the "peculiar reasons" or "peculiar circumstances, it is for the best interest of said estate that the property should be sold." These reasons and circumstances are not undisputed. Under the will, as correctly held by the learned judge at special term, "these children of the testator's deceased son, Richard, who are living at the termination of the trust, are entitled to share in the property. They take a vested remainder, subject, however, to be defeated by their decease before the termination of the particular estate; and in that event there is a substitutionary gift in favor of the issue of any such

children who may have so died, such issue taking, as purchasers under the will, the share which the deceased parent would otherwise have had." The will contains no power to sell or mortgage the premises in question. Before the termination of the life estate, and before it could be determined who would succeed to the possession of the property, the three remainder-men whose estates are subject to be devested in favor of their children, in the event of their dying before the termination of the trust estate, have mortgaged their contingent interests. The purpose of the sale is to pay off these mortgages, in order, as they state, to prevent a sale under foreclosure for an inadequate sum, and the rendering of deficiency judgments against them. If the order for the sale and the appropriation of the money as therein made were carried out, about $40,000 of the trust estate would go to the mortgagee of these contingent remainder-men, and there would be left for those who might ultimately succeed to the trust estate the balance between that sum and the $54,600, for which the premises sold at public auction. Assuming, as is not only possible, but probable, that one of the persons whose interest was thus mortgaged should die before the life tenant, the effect of this would be to devest the one so dying of all interest in the property, and, by the terms of the will, confer upon his or her children, as purchasers under the will, one-third of the trust estate; and such persons, instead of obtaining, as intended by the language of the testator, one-third of $54,600, would be entitled only to one-third of about $14,000, because that is all there would be left of the trust property after paying off the mortgages. Such a result to infants interested in a trust estate, without any fault on their part to bring it about, would, as a first impression, shock one's sense of justice. And this impression is strengthened when we conclude, as we must upon the facts here appearing, that the contemplated sale could in no way result in any benefit to, but rather in the destruction of, the trust estate, for the purpose of discharging mortgages which individuals had placed upon their own interests for their own benefit, and by their own voluntary act, and to escape the consequences of which they insist that the trust estate should be sacrificed. In effect, this would be taking the property of infants, for which they are in no way beholden to their parents, to pay off the parents' debts. We do not think the statute was ever intended to effect any such purpose. On the contrary, we think it was only for the purpose of protecting and preserving the trust estate that the power was given to the court to authorize the sale or mortgaging of trust property. That it would be advantageous to the parents, who are remainder-men, may be assumed, but there is nothing in the language of the act from which the inference can be drawn that the peculiar reasons or circumstances, in addition to the others enumerated, which would justify action by the court under section 85 of the act, were advantages or disadvantages to persons who might have a contingent interest in the trust property. The purpose sought to be accomplished by a sale or mortgage must be a benefit or advantage to the trust estate,

The enforcement of the foreclosure judgment will not injure the trust estate, or the beneficiaries of the same. The facts found by the referee show that the purpose to be subserved is merely the relief of the remainder-men from the consequences of their own act. But they should not be permitted, nor have they the right, in any way to affect the trust estate or the beneficiaries of the trust. The advantage to be gained from compelling an application of the moneys produced by a sale to the payment of the mortgages would be to relieve such remainder-men; and it is clear that, even if the will had conferred a power of sale upon the trustees, it would not have been exercised for any such purpose. The avowed purpose of the sale is to provide funds to pay the debts of persons who, while temporarily interested in the estate, may become devested thereof by their decease before the falling in of the remainder. The court is thus asked to sanction a contravention of the trust, and to permit the trustee to incur a liability to remainder-men whose identity is not yet established, which, after the sale, confessedly she would be without the means to discharge. It is too plain for argument, and needs no further discussion, that such peculiar facts and circumstances fail to show that the intended sale "is for the best interest of the trust estate."

We think the order of sale was unauthorized, and that the disposition made by the learned judge below was right, and that the order appealed from should be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., concurs. PATTERSON, INGRAHAM, and McLAUGHLIN, JJ., concur in result.